J. W. KNOWLTON, (*Judge of Probate,*) *versus* ELISHA CHICK & *als.*

The surviving partner having been duly appointed executor of the will of his deceased partner, and given bond as executor in common form, included in his inventory "the whole of the partnership" property, with the proper value carried out, and charged himself, in his executor's accounts, with "one-half amount of personal estate of" the firm, "except notes and accounts, at the value mentioned in the inventory," and with "one-half collected on notes and accounts of the firm," together with "one-half of rents collected on the real estate of the firm," all of which the Judge of Probate allowed, against the objections of the executor's sureties, and thereupon found a balance due from the executor to the estate. In an action against the sureties upon the executor's bond, to recover the balance thus found : — *Held,* that the sureties were liable under R. S. of 1841, c. 107, although the executor filed no bond as surviving partner.

ON FACTS AGREED.

The case is stated in the opinion.

*W. G. Crosby,* for the plaintiff.

*N. H. Hubbard,* for the defendants, cited R. S. of 1841, c. 106, §§ 7 & 8 ; c. 107, §§ 26, 27, 28, 30 & 31 ; *Cook* v. *Lee,* 36 Maine, 340 ; *Foxcroft* v. *Nevins,* 4 Greenl., 72.

BARROWS, J. — This suit is brought against the sureties upon a probate bond, given by Henry A. Arey, as executor of the will of his father, James Arey, with whom he had been a co-partner. The executor never gave any bond as surviving partner, but, in the settlement of his accounts, as executor, in the Probate Court, against the objection of the sureties, charged himself with "one-half amount of personal estate of James Arey & Son, except notes and accounts," at the value set down in the inventory by him returned as executor, and with "one-half collected on notes and accounts of said firm," and with certain sums collected as rents on real estate owned by said firm. The Judge of Probate allowed the executor thus to charge himself, and found a balance due from him to the estate.

It is not claimed that there was any fraudulent surcharge and the only question presented is whether the sureties are liable, under such circumstances, on this bond, for the one-half of the personal property and of moneys collected on demands and rents belonging to James Arey & Son, as stated in said executor's accounts. We can have no doubt or hesitation in saying that they are so liable, so far as it is necessary for the protection of the rights of any creditors of James Arey's private estate, or of any legatees under his will, except the executor himself. The bond required (by §§ 27, 28 and 31, of c. 107, of the Revised Statutes of 1841, under which these proceedings took place,) to be given by the surviving partner, or by the executor or administrator, in case the surviving partner declined to assume the trust, was designed for the security of the co-partnership creditors, the estate, and the several members of the co-partnership. But, when the share of the deceased co-partner in the personal assets of the firm has been ascertained, and has gone into the hands of his executor or administrator, as part and parcel of the individual estate of the deceased co-partner, the sureties on the executor's or administrator's bond are responsible for its appropriation in a proper manner by him, in like manner as they are for any other portion of the assets of the estate into which it is absorbed.

Nor is it of any importance in this case that the administration of the co-partnership estate proceeded irregularly, without the filing of any bond by the executor, as surviving partner. Under the circumstances here presented, the creditors of the co-partnership only could have occasion to complain of this neglect, and the lapse of time since these proceedings were had would seem to indicate that they have been satisfied. It is not claimed that this suit can be maintained for their benefit. Nor is it suggested that the executor, in his accounts settled with the Judge of Probate, charged himself as executor with anything more than the net half belonging to his testator's estate, after a proper adjustment of his own affairs with the co-partnership. For

·aught that appears, he may have been personally indebted to the co-partnership to an amount fully equal to the debts which the firm owed.

Money actually received by an executor or administrator, in behalf of the estate which he represents, he holds as trustee for those interested, and he must account for it, even though wrongfully received, unless he show his liability to refund or pay over the money to some other party having a right to demand it, and that payment has been demanded, or, at least, that it probably would be demanded. *Jennison* v. *Hapgood*, 10 Pick., 104.

·The same is true of other personal assets thus received. The executor might properly charge himself, as executor, with the half of the personal property of the co-partnership which actually belonged to the estate of his father, at the appraisal, when it came into his hands as executor, and, unless the parties interested in his father's estate claimed that it should be sold and the proceeds accounted for, and the Judge of Probate so ordered, he should account for that portion thus passed over to him as executor, at its appraisal.

Nor does it seem that any other rule should prevail with regard to the half of the rents received from the real estate belonging to the firm.

The defendant's counsel argues that the amount of the bond required of the executor indicates that it was not intended to cover what might accrue from the testator's share in the co-partnership. But no legal inference can be drawn from that fact as to the liability on the bond, which must depend upon the statute.requirements and the conditions of the bond; and, if any such inference could be drawn, it would be unfavorable to his position. The total amount of the personal property belonging to James Arey's estate, aside from his interest in the co-partnership effects, was but $511,75, while the bond required and given as executor was in the sum of $10,000.

The conditions of any "further" bond, which Henry A. Arey might have given as surviving partner, would have

been fulfilled, so far as James Arey's estate was concerned, when he had ascertained and carried into his accounts as executor the proper share of James Arey's estate in the co-partnership effects, and the responsibility for the proper disposition of it thereafterwards would have been thereby transferred to the executor, and the sureties upon his bond. When the same result is reached without the filing of a bond by the surviving partner, it adds nothing to the liability of the executor's sureties beyond what they originally assumed, and they cannot complain. They are not called upon here to answer for any default of Henry A. Arey in the execution of his duty as surviving partner.

If there was error in the settlement of his accounts as executor, it might and should have been corrected upon a subsequent settlement in Probate Court.

According to the stipulations in the report,

> *The action is to stand for an assessment*
> *of damages by the jury.*

APPLETON, C. J., KENT, WALTON and DANFORTH, JJ., concurred.